IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02097-PAB-KAS

JASON RAMSEY, and
MELANIE COLLINS,

Plaintiffs,

v.

WALGREEN CO.,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiffs' **Motion to Amend Complaint to Add New Defendants and Permit Joinder** [#28] (the "Motion"). Defendant filed a Response [#30], and Plaintiffs filed a Reply [#31]. The Motion [#28] has been referred to the undersigned for a Recommendation[1] pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See Memorandum* [#29]. The Court has reviewed the briefs, the case file, and the applicable law. For the reasons stated below, the Court **RECOMMENDS** the Motion [#28] be **GRANTED** and that this case be **REMANDED** to Adams County District Court.

## I. Background

Plaintiffs initiated this pharmaceutical malpractice case against Defendant Walgreen Co. in state court on April 6, 2026. Plaintiffs, a married couple, allege that

[1] All parties do not consent to magistrate judge jurisdiction. *See Signed Consent/Non-Consent Form* [#21]; *Order Referring Case* [#15].

Walgreens advised Mr. Ramsey to take twice the dose that his provider prescribed of an antidepressant medication, and then allowed him to experience severe withdrawal symptoms when he ran out of the medication before his prescription expired. *Compl.* [#6] at 4-8. The symptoms resulted in Mr. Ramsey becoming manic and hostile to his wife, nearly taking his own life, and being hospitalized for a drug overdose—causing long-lasting psychological and emotional consequences for both Plaintiffs. *Id.* at 8-12. Plaintiffs assert claims against Walgreens for pharmacy malpractice, vicarious liability, and loss of consortium. *Id.* at 12-15.

Walgreens removed the case to federal court, invoking the Court's diversity jurisdiction. *Notice of Removal* [#1] at 3-4. The Court entered a Scheduling Order in July 2026, and approximately one month later, Plaintiffs filed the instant Motion [#28].[2] They seek to add six Walgreens employees—three licensed pharmacists and three pharmacy technicians—to this lawsuit. *Redlined Am. Compl.* [#28-1] at 2. Plaintiffs also seek leave to assert an additional pharmacy malpractice claim against the prospective individual defendants. *Id.* at 30-33.

Plaintiffs explain that they did not know the identities of the Walgreens employees involved in overmedicating Mr. Ramsey until they received Defendant Walgreens' initial disclosures. *Motion* [#28] at 2. Upon receiving those disclosures, Plaintiffs promptly and diligently sorted through them during the following three weeks to prepare the amendment

[2] Plaintiffs acknowledge that the deadline for joinder of parties and amendment of pleadings was Friday, August 14, 2026. *Scheduling Order* [#23] at 9. Plaintiffs filed the instant Motion [#28] on Monday, August 17, 2026. Accordingly, they argue that good cause justifies a modification of the Scheduling Order pursuant to Rule 16(b). *Motion* [#28] at 3-4. Defendant does not challenge the instant Motion [#28] on the ground that Plaintiffs failed to show good cause or undue delay. The Court finds Plaintiffs' explanation for the one-business-day delay is sufficient to establish good cause.

now at issue. *Id.* Recognizing that these parties are citizens of Colorado, and their joinder will deprive the Court of diversity jurisdiction, Plaintiffs ask the Court to remand the case to state court. *Id.*; *see also McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("To be sure, if a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court." (citing 28 U.S.C. § 1447(c))).

## II. Legal Standard

Generally, Federal Rule of Civil Procedure 15(a) governs a motion to amend a complaint. Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Refusing leave to amend is generally justified only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

However, where a case has been removed from state court based on the diversity of the parties, and a proposed amendment would join a party whose citizenship destroys the Court's subject matter jurisdiction, 28 U.S.C. § 1447(e) controls. The statute provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

"This analysis implicates the Federal Rules of Civil Procedure about joinder"—specifically, Rules 19 and 20. *Peeples v. Doordash, Inc.*, No. 25-cv-01640-NYW-SBP, 2025 WL 3724468, at *2 (D. Colo. Dec. 24, 2025). "Rule 19 governs mandatory joinder of parties, and Rule 20 governs permissive joinder of parties." *Pacheco v. Const. Nursing &*

*Rehab. Ctr. LLC*, No. 21-cv-00875-DDD-KMT, 2021 WL 5548303, at *2 (D. Colo. July 6, 2021). Here, Plaintiffs invoke Rule 20, which provides that persons may be joined in an action as defendants if (1) “any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences”; and (2) “any question of law or fact common to all defendants will arise in the action.” FED. R. CIV. P. 20(a)(2).

In exercising its discretion pursuant to amendments under 28 U.S.C. § 1447(e), the Court also considers the following factors: (1) whether the amendment is intended to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion, (3) whether the plaintiff would be significantly injured if the motion to amend were denied, and (4) any other equitable factors. *Pacheco*, 2021 WL 5548303, at *2. “To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law.” *Combs v. Nordstrom, Inc.*, No. 22-cv-00150-RMR-NRN, 2022 WL 2865985, at *2 (D. Colo. July 21, 2022) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)), *report and recommendation adopted*, 2022 WL 17534122 (D. Colo. Aug. 17, 2022).

## III. Analysis

### A. Rule 20 Joinder

As an initial matter, there appears to be no dispute that Plaintiffs have satisfied Rule 20(a)(2)’s criteria. *See Response* [#30]. “The purpose of Rule 20(a) is ‘to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.’” *Pacheco*, 2021 WL 5548303, at *2 (quoting *DIRECTV, Inc. v. Barrett*,

220 F.R.D. 630, 631 (D. Kan. 2004)). Courts thus construe Rule 20 broadly in favor of joinder. *See id.*

Plaintiffs allege the same damages with respect to both Walgreens and the proposed individual defendants, which uniformly arise from the pharmacy's overmedication of Mr. Ramsey and failure to intervene when the error should have become clear. Further, there are numerous common questions of law and fact between Defendant Walgreens and its employees. Therefore, the proposed individual defendants are permissive parties. *See Fallas v. Lincare, Inc.*, No. 11-cv-03068-REB-KMT, 2012 WL 2115176, at *3 (D. Colo. May 7, 2012) (finding that an individual employee is a "textbook" example of a defendant who ought to be permissively joined under Rule 20(a)(2), and noting that "[i]t is difficult to fathom a greater waste of judicial or party resources" than to require separate litigation against the employee in state court), *report and recommendation adopted*, 2012 WL 2091526 (D. Colo. June 11, 2012).

**B. § 1447(e) Factors**

With respect to the § 1447(e) factors, Defendant's opposition boils down to one argument: adding the proposed individual defendants would be duplicative of the existing claims against Defendant Walgreens, against whom a vicarious liability claim has already been asserted. *See generally Response* [#30]. Therefore, according to Defendant, the proposed amendment is futile, will not unduly prejudice Plaintiffs if denied, and must have been asserted for no other reason than to destroy diversity jurisdiction. *Id.* at 4-5.

In response, Plaintiffs state that it is black letter law that "an employee who personally participates in a tort is liable for that tort even when the employer is also vicariously liable." *Reply* [#31] at 2-3. The Court agrees. An employer's potential vicarious

liability as an employer does not subsume a negligence claim against the employee, to that employee's exclusion. *Bethel v. United States*, 456 F. App'x 771, 781 n.17 (10th Cir. 2012) ("The additional liability of the employer, however, does not shield the negligent employee from his own personal liability, nor does it supplant his liability with that of his employer. It provides only an alternative, and in some cases a more lucrative, source from which the injured party may recover his damages."); *Durlak v. Home Depot U.S.A., Inc.*, No. 17-cv-2276-WJM-MJW, 2018 WL 3586391, at *5 (D. Colo. July 26, 2018) (citing *Ferrer v. Okbamicael*, 390 P.3d 836, 844 (Colo. 2017)). Therefore, the additional claim against the individual proposed defendants is not duplicative.

Setting aside that core premise, Defendant's remaining arguments quickly unravel. Indeed, Defendant presents no evidence that Plaintiffs acted in bad faith or could not establish causes of action against the non-diverse proposed defendants under state law. *See Combs*, 2022 WL 2865985, at *2; *see also Fallas*, 2012 WL 2115176, at *3 ("[I]f there is even a possibility that the state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that joinder was proper and remand the case to state court."). Further, requiring Plaintiffs to proceed against the various parties in two separate lawsuits in state and federal court would significantly prejudice them compared to the relatively minimal prejudice to Defendant in having to defend this lawsuit on behalf of both the corporate entity and the individual employees. *See Combs*, 2022 WL 2865985, at *4.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#28] be **GRANTED** and that the Clerk of Court be directed to separately docket the Amended Complaint [#28-2].

IT IS FURTHER **RECOMMENDED** that this case be **REMANDED** to the Adams County District Court.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Federal Rule of Civil Procedure 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: October 20, 2026

BY THE COURT:



Kathryn A. Starnella
United States Magistrate Judge